**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY CRAYTON, | No. 11-15574 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01318-OWW-GSA |
| v. | |
| ROCHESTER MEDICAL CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Timothy Crayton appeals pro se from the district

court's summary judgment in his diversity action alleging strict and negligent

products liability, fraudulent misrepresentation, and breach of implied warranty

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against the manufacturer of an allegedly defective external male condom catheter. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, and for an abuse of discretion evidentiary rulings made in the context of summary judgment. *Fonseca v. Sysco Food Serv., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on each of Crayton's claims because Crayton failed to raise a genuine dispute of material fact as to whether defendant's condom catheter was a substantial factor in causing his injury. *See Merrill v. Navegar, Inc.*, 28 P.3d 116, 124 (Cal. 2001) ("[U]nder either a negligence or a strict liability theory of products liability, to recover from a manufacturer, a plaintiff must prove that a defect caused injury."); *Manderville v. PCG & S Grp., Inc.*, 55 Cal. Rptr. 2d 59, 68-69, n.4 (Ct. App. 2007) (plaintiff must establish that he was harmed by justifiably relying on defendant's fraudulent misrepresentation); *Dougherty v. Lee*, 168 P.2d 54, 56 (Cal. Ct. App. 1946) (plaintiff must establish through substantial evidence that defendant's implied warranty was the proximate cause of injury).

The district court did not abuse its discretion in excluding certain evidence submitted by Crayton, including an ordinary consumer expectations survey, the declarations of other inmates injured by the same catheter under unspecified

circumstances, and consumer complaints about various aspects of the catheter, because Crayton failed to establish that the evidence was admissible to establish a design defect under California law. *See Rosburg v. Minn. Mining & Mfg. Co.*, 226 Cal. Rptr. 299, 303-04 (Ct. App. 1986) (consumer expectations test does not apply to design defect cases involving medical devices, but to products within the ordinary consumer's scope of common experience); *see also Howard v. Omni Hotels Mgmt. Corp.*, 136 Cal. Rptr. 739, 761 (Ct. App. 2012) (to be admissible, evidence of another similar accident must have occurred under substantially the same circumstances).

Crayton's request for judicial notice, set forth in his reply brief, is denied. *See* Fed. R. Evid. 201.

Crayton's contentions regarding defendant's alleged spoliation of evidence, the district court's alleged failure to understand the nature of his claim or the scope of his injuries, and unspecified alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment are unpersuasive.

**AFFIRMED.**